CHARLES E. WIGGIN *vs.* DANIEL PETERS & another.

In computing the time within which a prisoner in execution must surrender himself to close confinement, when he gives bond, pursuant to Rev. Sts. *c.* 97, § 63, with condition that " if he shall not be lawfully discharged within ninety days from the day of his commitment, he will surrender himself," &c., the day of commitment is to be excluded. And as such prisoner has the whole of the ninety days, thus computed, to obtain his discharge, the condition of his bond is saved, if he surrender himself on the ninety-first day.

A bond with condition that the prisoner " shall, at the expiration of ninety days from the day of his commitment, surrender, &c., unless he shall before that time have been lawfully discharged," is of the same legal effect as a bond with condition in the precise terms prescribed by the Rev. Sts. *c.* 97, § 63.

DEBT on a bond for the liberty of the prison limits.

It was agreed by the parties that Daniel Peters, one of the defendants, was committed to the jail in Worcester, on the 1st of April, 1839, upon an execution on a judgment recovered against him by the plaintiff; and that both defendants, on the next day, executed the bond declared on, one of the conditions of which was that said Daniel should, " at the expiration of ninety days from the day of his commitment, surrender himself at the jail-house for the purpose of being committed to close confinement, unless," &c. It was further agreed, that said Daniel surrendered himself to the keeper of the jail, on the 1st of July, 1839, and was discharged, on that day, by taking the poor debtors' oath.

Plaintiff to become nonsuit, if the surrender was seasonably made, according to the condition of the bond ; otherwise, the defendants to be defaulted.

*J. F. Barrett*, for the plaintiff, cited *Presbrey* v. *Williams*, 15 Mass. 193. *Wheeler* v. *Bent*, 4 Pick. 167.

*M. L. Stowe*, for the defendants, relied on *Bigelow* v. *Willson*, 1 Pick. 485.

SHAW, C. J.   This is a common bond for the prison lim'ts, given by a debtor in execution, pursuant to the provisions of Rev. Sts. *c.* 97, § 63. The statute requires the condition to be, " that the debtor will not go without the exterior limits of the prison, until he shall be lawfully discharged, and that if he shall

not be lawfully discharged within ninety days from the day of his commitment on the execution, he will surrender himself to the jailer to be held in close confinement." The condition of the bond actually given by the defendants, though not precisely in the words of the statute, conforms to it in legal effect.

In construing any one provision of a statute containing a series of regulations on the same subject, the whole must be taken together, and considered with reference to the general purpose to be accomplished by them. The obvious intent of the legislature we think was, when a prisoner was imprisoned upon execution, to afford him the benefit of large limits, for a term of time sufficient to enable him to make use of his available means, if he has any, to satisfy and discharge the execution, or otherwise to avail himself of the other privilege given by Rev. Sts. c. 98, to obtain his discharge, by taking the poor debtors' oath. But if he would not avail himself of either mode of obtaining his discharge, the presumption would be that he had means to discharge his debt, which he would not apply ; and then it was intended to increase the strictness of his custody to close confinement. But this surrender does not prevent the debtor from obtaining his discharge by means of the poor debtors' oath. This may be done as well after as before commitment to close confinement.

The breach of the bond relied upon is, that the debtor, not having obtained his discharge, did not surrender himself to the jailer to be held in close confinement, within the time limited by the condition.

He was committed on the 1st of April, and surrendered himself to the jailer to be held in close confinement, on the 1st of July. It is further found in the case, that he was discharged by taking the poor debtors' oath, on the same day of his surrender, and we may presume, therefore, that he was not in fact put into close confinement. But this makes no difference. If his notice were made returnable on the same day, so that he could take the oath and obtain his discharge simultaneously with his surrender, his bond was saved, the condition being that he will surrender himself for the purpose of being committed to

close confinement. Under this surrender, he must have been committed to close confinement, if he could not obtain his discharge by taking the poor debtors' oath, or otherwise. But there is a further provision, Rev. Sts. *c.* 98, § 11, that on taking the poor debtors' oath by the prisoner, *the jailer, on the certificate of that fact, shall forthwith discharge him.* Supposing this to have occurred in the present case, the discharge was by force of this last provision, and did not prevent the actual surrender of the prisoner from being a compliance with the condition of his bond, if in other respects such surrender was sufficient.

The sole question therefore is, whether the surrender was in due time. The general rule is, that when an act is to be done in a given term of time, from and after a day named, the day is not included. Otherwise, as it has been said in other cases, an obligation to perform an act in one day from and after a day named, would bind the party to do it presently. The general rule was settled on great consideration, and we think upon satisfactory reasons, in *Bigelow* v. *Willson,* 1 Pick. 485.

The words in the bond are, " at the expiration of ninety days from the day of his commitment." The words in the statute are a little different ; " if he shall not be discharged within ninety days from the day of his commitment, he will surrender," &c. But the effect is the same. Ninety days is a term of time excluding the day of the commitment, and the bond is not forfeited, if he obtains his discharge at any time within that term. The case of his not obtaining his discharge cannot happen until the whole of that time has expired, and therefore there can be no breach of this condition till the whole of that time has expired. In the case before us, excluding " the day of the commitment," the term of ninety days expired on the last moment of the last day of June ; and as in general the law does not recognize any division of time less than a day, a surrender on the 1st of July, was a surrender *at* the expiration of the last day of June, and therefore was a surrender within the time limited by law, and by the condition of the bond, and saved the forfeiture.

*Plaintiff nonsuit.*